CLERK'S OFFICE U.S. DISTRICT COURT AT ROANOKE, VA
FILED
10/23/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| FRANK WESLEY WADE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:26-cv-00068 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARSHA GARST, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff Frank Wesley Wade, proceeding *pro se*, filed this action against Marsha Garst in her official and individual capacities as the Commonwealth's Attorney for Rockingham County, Virginia. (*See generally* Compl. [ECF No. 1].) Wade seeks to hold Garst liable under 42 U.S.C. § 1983 for malicious prosecution and due process violations based on a theory of supervisory liability (*Id.* § III.) He also asserts that Garst acted with deliberate indifference to his constitutional rights by failing to train subordinate employees. (*Id.*)

This matter is before the court on Wade's motion for leave to proceed *in forma pauperis.* (ECF No. 2.) Because the court finds that Wade's application satisfies the necessary standard, the court will grant his motion. But after undertaking its independent duty to screen initial filings under 28 U.S.C. § 1915(e), the court will dismiss the action in its entirety.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

The following facts are taken from Wade's complaint, and, at this stage, the court accepts the allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Wade's action against Marsha Garst arises from his criminal prosecution on a charge of aggravated malicious wounding.[1] (*See* Compl. § II.2.) Wade alleges that Garst directly oversaw employees who "intentionally and maliciously withheld exculpatory evidence" and "permitted a culture of unlawful prosecution and systematic concealment of evidence." (*Id.* § II.3.) Wade also alleges that Garst failed to "properly train, supervise, control, or discipline" her team. (*Id.* § II.4.)

Based on these allegations, Wade asserts two claims against Garst under 42 U.S.C. § 1983. (*Id.* § III.) The first is premised on a theory of supervisory liability and seeks to hold Garst responsible for malicious prosecution and due process violations. (*Id.*) The second is styled as a claim for failure to train and supervise resulting in constitutional deprivations. (*Id.* § III.) After filing his complaint against Garst, Wade filed a motion for leave to proceed *in forma pauperis*, which is ripe for disposition. (ECF No. 2.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the court has a duty to screen initial filings. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). When screening, the court should liberally construe the filings of *pro se* litigants and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even a *pro se* complainant must still state a plausible claim for relief,

[1] Wade was acquitted following his trial. (Compl. § II.2.)

*see Ashcroft*, 556 U.S. at 679, and the court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from such relief," *id.* § 1915(e)(2)(B)(iii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those that apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Therefore, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

## III. Discussion

The court will grant Wade's motion to proceed *in forma pauperis* because it finds his application satisfies the necessary standard under 28 U.S.C. § 1915(a). As indicated above,

however, the court is required to screen each case in which a plaintiff proceeds *in forma pauperis*. For the following reasons, the court concludes that Wade's complaint against Garst must be dismissed.

**A. Official-capacity claims**

The court begins with Wade's claims against Garst in her official capacity. The Eleventh Amendment to the United States Constitution "bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983." *Lawson v. Gault*, 828 F.3d 239, 278 (4th Cir. 2016). In Virginia, a Commonwealth's Attorney is considered a state constitutional officer. *Davison v. Plowman*, 247 F. Supp. 3d 767, 780 (E.D. Va. 2017), *aff'd*, 715 F. App'x 298 (4th Cir. 2018) (citing Va. Const. art. VII, § 4). As a state official, a Commonwealth's attorney is entitled to Eleventh Amendment immunity. *Id.*; *see also Kissinger-Stankevitz v. Town of Tappahannock*, 750 F. Supp. 3d 590, 612 (E.D. Va. 2024). Consequently, Wade's claims for damages against Garst in her official capacity must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B. Individual-capacity claims**

Wade's claims against Garst in her individual capacity are also subject to dismissal. Public officials "may be liable in their individual capacities only for their personal wrongdoing or supervisory actions that violated constitutional norms." *Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022). To establish supervisory liability under § 1983, a plaintiff must satisfy three elements:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was

> so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citing *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). To satisfy the first element, a plaintiff must show "that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of . . . constitutional injury." *Shaw*, 13 F.3d at 799. "As to the second element, a plaintiff 'may establish indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses.'" *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw*, 13 F.3d at 799). Finally, as to the third element, "[c]ausation is established when the plaintiff demonstrates an affirmative causal link between the supervisor's inaction and the harm suffered by the plaintiff." *Shaw*, 13 F.3d at 799 (internal quotation marks omitted).

Wade's complaint is devoid of allegations that would support each of these elements. His conclusory assertions that Garst "permitted a culture of unlawful prosecution and systemic concealment of evidence within her office" and "fail[ed] to monitor subordinates" (Compl. § III), are insufficient to state a claim upon which relief may be granted. *See King v. Riley*, 76 F.4th 269 (concluding that a plaintiff's "boilerplate" allegations against supervisory officials failed to state a claim for relief). Additionally, the complaint includes only a vague allegation of misconduct in relation to Wade's own state trial, and the fact that he was ultimately acquitted is not indicative of pervasive or "widespread" misconduct on the part of Garst's office. *Shaw*, 13 F.3d at 799; *see also Saltz v. City of Frederick*, 538 F. Supp. 3d 510, 552–53 (D. Md. 2021) ("It is not sufficient . . . to point to a single incident or isolated incidents . . . .") (internal quotation marks and brackets omitted). Accordingly, to the extent Wade seeks to hold Garst liable under

§ 1983 based on a theory of supervisory liability, his complaint fails to state a claim upon which relief may be granted.

Wade separately asserts that Garst failed to train her subordinates. (*See* Compl. § III.) "Courts, however, typically apply the supervisory liability standard to individual defendants, and apply the failure to train standard to municipal defendants." *S.A. v. Harbilas*, No. 3:24-cv-00852, 2025 WL 3124698, at *2 n.7 (E.D. Va. Nov. 7, 2025). In any event, to impose liability for the failure to train subordinates, a plaintiff must plead and prove the following elements:

> (1) the [supervisor's] subordinates actually violated the plaintiff's constitutional or statutory rights; (2) the supervisor failed to train properly the subordinates thus illustrating a "deliberate indifference" to the rights of the persons with whom the subordinates come into contact; and (3) this failure to train actually caused the subordinates to violate the plaintiff's rights.

*Brown v. Mitchell*, 308 F. Supp. 2d 682, 701 (E.D. Va. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see also Gallimore v. Henrico Cnty. Sch. Bd.*, 38 F. Supp. 3d 721, 726–27 (E.D. Va. 2014).

Here, Wade's claim fails on all fronts. First, his complaint contains only conclusory allegations that Garst's subordinates violated his constitutional rights. (*See* Compl. § II (alleging, without more, that prosecutors suppressed exculpatory evidence).) As to the second element, which requires that a supervisor have "fair notice that subordinates are engaged in constitutional or statutory deprivations," Wade has similarly failed to plausibly allege that Garst had knowledge of her subordinates' purported misconduct, such that she could "have consciously chosen a particular course of action in response." *Brown*, 308 F. Supp. 2d at 703; *see also id.* ("Because [notice] is an element of a cognizable claim of this sort, the notice must be articulated in the complaint, or be fairly inferable from what is articulated."). Finally, Wade

has not alleged facts sufficient to establish the requisite causal connection between Garst's purported failure to train and the alleged violations of his constitutional rights. Based on these pleading deficiencies, Wade's failure-to-train claim must also be dismissed.

Finally, in separate actions filed against the prosecutors directly involved in Wade's criminal case, the court recently concluded that the prosecutors were entitled to absolute immunity. *See Wade v. Malicely*, No. 5:26-cv-0067, Mem. Op. [ECF No. 3]; *Wade v. Armentrout*, No. 5:26-cv-00074, Mem. Op. [ECF No. 5].) In *Van de Kamp v. Goldstein*, the Supreme Court explained that, where a prosecutor is entitled to absolute immunity for certain conduct, a supervisory prosecutor is also entitled to absolute immunity for "faulty training" or supervision claims related to that same conduct. 555 U.S. 335, 346–47 (2009) (internal quotation marks omitted). "Were the rule otherwise, prosecutors' offices would be subject to suit 'in virtually every case in which a line prosecutor makes a mistake for which he is personally immune.'" *Hoffman v. Off. of the State Atty.*, 793 F. App'x 945, 954 (11th Cir. 2019) (quoting *Schneyder v. Smith*, 653 F.3d 313, 333–34 (3d Cir. 2011)). And that result "would undermine the primary purpose of prosecutorial immunity, which is to 'protect[] the proper functioning of the office,' rather than the individual prosecutor." *Id.* (quoting *Van de Kamp*, 555 U.S. at 345–47).

Here, it appears that Wade's claims against Garst in her supervisory capacity are directly connected to actions allegedly taken by subordinate prosecutors. In other words, as in *Van de Kamp*, the claims "rest[] in necessary part upon a consequent error by an individual prosecutor" during the course of Wade's criminal prosecution and trial. 555 U.S. at 346. Having concluded

that absolute immunity shieled the individual prosecutors from liability, it follows that Garst is likewise entitled to absolute immunity. *See id.* at 346–48.

## IV. CONCLUSION

For the reasons discussed above, the court will grant Wade's motion for leave to proceed *in forma pauperis*, but it will dismiss his complaint against Garst under 28 U.S.C. § 1915(e)(2)(B).

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Wade.

**ENTERED** this 23rd day of October, 2026.

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE